UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUDELL SINGLETARY,

v.  Case No.  8:98-cr-433-T-24EAJ
                    8:03-cv-1184-T-24EAJ

UNITED STATES OF AMERICA,

_____/

## ORDER

This cause is before the Court on Defendant Gudell Singletary's motion for certificate of appealability (Doc. No. 500) following the Court's denial of his motion for reconsideration of this Court's order denying his motion to vacate this Court's December 2, 2003, order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.

BACKGROUND

On June 2, 1999, following a six-day jury trial, Singletary was found guilty of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § §841(a)(1) and 846. On October 1, 1999, the court sentenced Singletary to 360 months

imprisonment, to be followed by five years supervised release (Doc. No. 321).

Singletary directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit raising the following issues: the District Court erred in requiring Singletary to exercise his peremptory challenges separately from his co-defendants; the District Court erred in denying Singletary a minor role adjustment and instead, enhancing Singletary's sentence for his leadership role; the District Court erred in denying Singletary an adjustment for acceptance of responsibility; the District Court erred under Apprendi v. New Jersey, 530 U.S. 466 (2000), in not allowing the jury to determine the amount of drugs involved in the conspiracy. On December 28, 2001, the Eleventh Circuit Court of Appeals affirmed the judgment and sentence (Doc. No. 431). On June 5, 2003, Singletary timely filed a section 2255 motion and supporting memorandum of law.[1]

This Court addressed the merits of Singletary's 28 U.S.C. § 2255 motion to vacate and denied the motion. (Doc. No. 472). The Court also denied Singletary's subsequent motion for reconsideration. (Doc. No. 475). Singletary appealed, and filed an application for certificate of appealability, which this Court denied. (Doc. Nos. 477, 478, 479). On October 12, 2004, the Eleventh Circuit affirmed the denial of 28 U.S.C. § 2255 relief. (Doc. No. 489). The mandate issued January 26, 2005. Singletary then the filed the motion to vacate this Court's December 2, 2003, order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence citing Rules 60(b)(4) and (6), Federal Rules of Civil Procedure, and United States v. Booker, 125 S.Ct. 738 (2005). (Doc.

---

[1] Singletary's motion was initially dismissed by this Court as time-barred. Singletary subsequently filed a motion for reconsideration (Doc. No. 461), which the Court granted. The Court then vacated the order dismissing the motion to vacate (Doc. No. 459) and set aside the judgment (Doc. No. 460).

No. 494). The Court denied the motion (Doc. No. 495).

Singletary filed a motion for reconsideration (Doc. No. 498) which the Court denied. (Doc. No. 499). Now, Defendant has filed a motion for certificate of appealability (Doc. No. 500).

To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[2] Defendant has failed to meet this standard. Therefore, Defendant has failed to satisfy the Slack test. See also, Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000).

Accordingly, the Court orders

That Singletary's motion for certificate of appealability (Doc. No. 500) is denied.

ORDERED at Tampa, Florida, on October 12, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA: James C. Preston

Pro se: Gudell Singletary

---

[2] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard. See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).