UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                           Case No. 8:98-cr-433-T-24

GUDELL SINGLETARY

_____/

# **ORDER**

This cause comes before the Court on Defendant Singletary's Petition for a Writ of Audita Querela Pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 605). Upon the Court's review of the motion and the entire file in this case, the Court finds that the motion must be denied.

On November 17, 1998, Defendant was indicted for conspiracy to possess with the intent to distribute fifty or more grams of a mixture or substance containing a detectible amount of cocaine base and five or more kilograms of a mixture or substance containing a detectible amount of cocaine. (Doc. No. 3). He proceeded to trial and was found guilty. (Doc. No. 261). On October 1, 1999, Defendant was sentenced to 360 months imprisonment, followed by 60 months of supervised release. (Doc. No. 307). He appealed his conviction and sentence, and the Eleventh Circuit affirmed. (Doc. No. 431).

Thereafter, Defendant filed a § 2255 motion to vacate his sentence (Doc. No. 458), and the Court denied the motion on December 2, 2003. (Doc. No. 472). Defendant appealed the Court's denial of his § 2255 motion (Doc. No. 477), and the Eleventh Circuit affirmed on January 28, 2005. (Doc. No. 489).

On April 17, 2008, Defendant moved to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for cocaine base by two levels. (Doc. No. 538). On December 8, 2008, the Court granted the motion in part (to the extent that it found that Defendant's base offense level should be lowered by two levels) and denied the

motion in part (to the extent that it found that the original 360 month sentence was reasonable under the re-calculated Guideline range of 292 to 365 months imprisonment). (Doc. No. 576). Thereafter, Defendant appealed the order (Doc. No. 578), and the Eleventh Circuit affirmed this Court's decision on June 22, 2009 (Doc. No. 601).

On May 14, 2010, Defendant filed the instant motion for relief, in which he petitions for a writ of audita querela and argues that his sentence should be reduced based on U.S. v. Booker, 543 U.S. 220 (2005). However, the Eleventh Circuit has rejected prisoners' attempts to use a motion for a writ of audita querela to obtain Booker relief, because the proper avenue for relief for an allegedly unconstitutional sentence is a § 2255 motion. See U.S. v. Davis, 352 Fed. Appx. 314 (11th Cir. Oct. 29, 2009); U.S. v. Doyharzabal, 329 Fed. Appx. 874, 875 (11th Cir. May 20, 2009); Suarez v. U.S., 325 Fed. Appx. 887, 887-88 (11th Cir. May 12, 2009); U.S. v. Jackson, 157 Fed. Appx. 252, 253 (11th Cir. Dec. 7, 2005). As such, this motion must be denied.[1]

Accordingly, it is ORDERED AND ADJUDGED that Defendant Singletary's Petition for a Writ of Audita Querela Pursuant to the All Writs Act, 28 U.S.C. § 1651 (Doc. No. 605) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of May, 2010.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

---

[1] Additionally, the Court notes that since Defendant has already filed a § 2255 motion, the Court cannot consider a successive § 2255 motion without the Eleventh Circuit's permission. See Davis, 352 Fed. Appx. at 315-16. Furthermore, the Court notes that Defendant would not be able to obtain Booker relief through a § 2255 motion, because Booker is not retroactively applied to § 2255 cases. See Jackson, 252 Fed. Appx. at 253 (citation omitted).

2